Barba JAGANA, Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY, Respondent.

No. 07–5645–ag.

United States Court of Appeals,
Second Circuit.

Sept. 17, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Scott Rempell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Barba Jagana, a native and citizen of Sierra Leone, seeks review of a December 7, 2007 order of the BIA affirming the April 19, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Barba Jagana,* No. A98 973 925 (B.I.A. Dec. 7, 2007), *aff'g* No. A98 973 925 (Immig. Ct. N.Y. City Apr. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review questions of law and the application

of law to undisputed fact *de novo*. *See Vumi v. Gonzales*, 502 F.3d 150, 153 (2d Cir.2007).

Here, substantial evidence supports the agency's finding that Jagana failed to establish either past persecution or a well-founded fear of future persecution in Sierra Leone. Jagana was never arrested in Sierra Leone, and the only physical injuries he suffered in Sierra Leone were cuts and bruises to his legs that he sustained when he fell while running from a rebel attack. However, general strife or violence in a country such as the rebel attack that Jagana described in his asylum application does not constitute persecution on account of a protected ground for the purposes of asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n. 3 (2d Cir.1999). Moreover, the murder of Jagana's father by rebels does not constitute persecution of Jagana himself. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007) ("As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic.")

The only incident that Jagana recounted that might be classified as persecution is his arrest in Guinea and the alleged beatings that he suffered during his subsequent three-day detention. However, even if the detention and beatings rose to the level of past persecution, any presumption of a well-founded fear of future persecution is rebutted by the fact that Jagana is being removed to Sierra Leone, the designated country of removal, rather than Guinea. *See* 8 C.F.R. § 1208.13(b).

Jagana argues that he has a well-founded fear of future persecution in Sierra Leone based on the targeting and murder of his father by rebels based on his status as a foreigner.[1] He alleges that rebel forces remain active in Sierra Leone despite the fact that the civil war there has ended. However, Jagana is a citizen of Sierra Leone and thus, unlike his father, he is not a "foreigner" there. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir.2006). Jagana has offered no evidence to suggest that any rebels who may remain active in Sierra Leone have any awareness of him or interest in pursuing him because of his relationship with his father. Accordingly, the agency did not err in concluding that Jagana failed to meet his burden of proving a well-founded fear of future persecution. *See id.*

Because Jagana failed to demonstrate a well-founded fear of persecution for the purpose of his asylum claim, he also necessarily failed to meet the higher burden of showing a clear probability of persecution as required to prevail on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). In addition, Jagana has waived his CAT claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

---

1. The government argues that Jagana waived his argument that he established a well-founded fear of persecution. However, although Jagana's brief is poorly developed and lacking in factual and legal support for many of the points it asserts, it is possible to discern his argument that he has a well-founded fear of future persecution based on his father's death.